# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

  Plaintiff,

v.                                                   **Criminal Action No. 3:08-CR-77-01**
                                                             Judge Bailey

**BARTON JOSEPH ADAMS,**

  Defendant.

## ORDER

On this day, the above-styled matter came before the Court for consideration of the Defendant's *pro se* Motion to determine whether or not the defendant had any tax liability for the tax year 2006 because non-taxable income is not taxable income or in the alternative motion to dismiss count thirteen [Doc. 1187], filed on February 20, 2013.

This Court notes that the defendant has already entered a plea of guilty with regard to the tax evasion count against him under Count Thirteen of the Third Superseding Indictment (Tax Evasion by Evasion of payment for Tax Year 2006); this Court accepted the defendant's plea of guilty to this count, as well as another count, on November 8, 2012 [Doc. 1152 at 2; Doc. 1154 at 3]. As such, this Court hereby **DENIES as moot** the defendant's *pro se* Motion to determine whether or not the defendant had any tax liability for the tax year 2006 because non-taxable income is not taxable income or in the alternative motion to dismiss count thirteen **[Doc. 1187]**. Furthermore, this Court notes that, even if the defendant had not entered a plea of guilty to the tax evasion count to which

1

he now objects, his motion would be denied as an impermissible *pro se* motion given the fact that he has appointed counsel in this proceeding and has not demonstrated a special need to act as co-counsel to his attorneys.[1]

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to mail a copy to the defendant acting as a *pro se* defendant.

**DATED:** February 20, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] A defendant has a Sixth Amendment right to be represented by an attorney, but a defendant has no right to act as co-counsel as defendant Adams has attempted to do in filing this *pro se* motion. **United States v. Tarantino**, 846 F.2d 1384, 1420 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 867 (1988). It is within the sound discretion of this Court to allow a defendant to assume some of his lawyer's functions, that is, to engage in "hybrid representation." See **United States v. LaChance**, 817 F.2d 1491, 1498 (11th Cir. 1987), *cert. denied*, 484 U.S. 928 (1987) (citing **United States v. Mills,** 704 F.2d 1553, 1557 (11th Cir. 1983) and **United States v. Daniels**, 572 F.2d 535, 540 (5th Cir. 1978)). Hybrid representation, however, should be permitted only where a defendant has made a showing of some special need to act as co-counsel. **United States v. West**, 877 F.2d 281, 293 (4th Cir. 1989), *cert. denied*, 493 U.S. 959 (1989). Having reviewed the defendant's *pro se* Motion to determine whether or not the defendant had any tax liability for the tax year 2006 because non-taxable income is not taxable income or in the alternative motion to dismiss count thirteen [Doc. 1187], this Court finds that the defendant has not made a sufficient showing of necessity for this Court to allow defendant to act as co-counsel to his appointed counsel in this matter.